# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Lamont Smith,
    Petitioner

vs                                Case No. 1:04cv162
                                    (Weber, S.J.; Black, M.J.)

Wanza Jackson,
    Respondent

## REPORT AND RECOMMENDATION

This habeas corpus action filed *pro se* pursuant to 28 U.S.C. § 2254 is before the Court on petitioner's "Motion To Place Habeas Corpus Petition In Abeyance" filed June 12, 2006. (Doc. 40). In a separate Report and Recommendation issued this date, the undersigned has recommended that petitioner's petition for habeas corpus relief, which is one of the oldest § 2254 cases pending on this Court's active docket, be denied with prejudice.

Petitioner now requests that the petition be held in abeyance so that he can exhaust a state court remedy recently made available by the Ohio Supreme Court when it decided in *State v. Foster,* 845 N.E.2d 470 (Ohio 2006), that Ohio's sentencing laws violate the Sixth Amendment under the Supreme Court's decision in *Blakely v. Washington,* 542 U.S. 296 (2004).

As petitioner points out, a federal habeas petition may be stayed so that the petitioner can return to the state courts to pursue an unexhausted claim for relief. However, the exhaustion doctrine is not a jurisdictional requirement for habeas corpus review. *Granberry v. Greer*, 481 U.S. 129 (1987). A habeas corpus petition may be denied on the merits "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." *See* 28 U.S.C. § 2254(b)(2)). For example, it has long been held that if the unexhausted claims are plainly meritless, it is in the interests of the parties and judicial economy to

promptly address the merits of the petition without requiring exhaustion. *See Greer,* 481 U.S. at 135; *Cain v. Redman,* 947 F.2d 817, 820 (6th Cir. 1991), *cert. denied,* 503 U.S. 922 (1992) (citing *Prather v. Rees,* 822 F.2d 1418, 1422 (6th Cir. 1987)). In addition, a federal court should not dismiss a petition for failure to exhaust a remedy that would be futile to pursue. *Castille v. Peoples,* 489 U.S. 346, 350-51 (1989); *Pillette v. Foltz,* 824 F.2d 494, 498 (6th Cir. 1987).

In this case, to the extent a state court remedy is even available for petitioner to pursue a claim at this late date challenging the consecutive sentences that were imposed for two separate burglary offenses, the exhaustion requirement should be excused as futile. *See id.* The Ohio Supreme Court held in *Foster* that its decision applied to cases "pending on direct review," which "must be remanded to the trial courts for new sentencing hearings." *Foster,* 845 N.E.2d at 499. However, petitioner's direct appeal concluded four years ago, on June 14, 2002, when the Ohio Court of Appeals issued its Decision affirming the trial court's judgment of conviction. (*See* Doc. 17, Ex. 14). The Sixth Circuit has held that *Blakely* and its progeny do not apply retroactively in collateral proceedings after a conviction has become final on direct appeal. *See, e.g., Humphress v. United States,* 398 F.3d 855, 860-63 (6th Cir.), *cert. denied,* 126 S.Ct. 199 (2005); *cf. Spiridigliozzi v. United States,* 117 Fed.Appx. 385, 394 (6th Cir. Nov. 15, 2004) (not published in Federal Reporter).

Because it thus appears that it would be futile for petitioner to pursue a remedy made available by the Ohio Supreme Court only to cases still pending on direct review, it is in the interests of judicial economy and the interests of the parties to promptly address petitioner's sixteen grounds for relief that are contained in the habeas corpus petition he has filed with this Court.

Accordingly, IT IS RECOMMENDED THAT petitioner's "Motion To Place Habeas Corpus Petition In Abeyance" (Doc. 40) be DENIED.

Date: 7/20/06            s/Timothy S. Black

cbc                      Timothy S. Black
                         United States Magistrate Judge

K:\BRYANCC\2006 habeas orders\04-162RR.denypetrmtn-stay.wpd

3